IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE



**FILED**

**December 23, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) |
| APPELLEE, | ) |
| | ) No. 03-C-01-9509-CC-00272 |
| | ) |
| | ) Morgan County |
| v. | ) |
| | ) E. Eugene Eblen, Judge |
| | ) |
| | ) (Sentencing) |
| BENNY SLUDER, | ) |
| | ) |
| APPELLANT. | ) |

FOR THE APPELLANT:

Walter B. Johnson, II
Assistant Public Defender
P.O. Box 334
Harriman, TN 37748-0334

OF COUNSEL:

Joe H. Walker
District Public Defender
P.O. Box 334
Harriman, TN 37748-0334

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Eugene J. Honea
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

Frank A. Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

This court previously rendered an opinion in this case. The opinion was filed in Knoxville on February 12, 1997. The appellant, Benny Sluder (defendant), filed a Rule 11, Tennessee Rules of Appellate Procedure, application for permission to appeal in the supreme court. The application was granted and the cause remanded to this court with instructions to consider whether the trial court properly ordered the defendant to serve his sentence consecutively to the sentence he was serving when he committed the offense. After a thorough examination of the record, the briefs of the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The defendant entered a plea of guilty to possessing marijuana while an inmate in a correctional institution. Tenn. Code Ann. § 39-16-201. When the offense occurred, the defendant was incarcerated in the Morgan County Regional Correctional Facility. On January 18, 1992, correctional officers found 27.5 grams of marijuana in the defendant's possession. The trial court sentenced the defendant pursuant to a plea agreement. The parties agreed the defendant was a Range III persistent offender, the sentence to be imposed was confinement for ten (10) years in the Department of Correction, and the question of whether the sentence should be served consecutively to the sentence he was serving when he committed the offense would be submitted to the trial court for determination. The court ordered the sentence imposed to be served consecutively to the sentence he was serving.

After a de novo review of this issue pursuant to the mandate of Tenn. Code Ann. § 40-35-401(d), this court is of the opinion the trial court did not abuse its discretion by requiring the two sentences to be served consecutively. The defendant was trafficking in marijuana inside the prison. Given these circumstances, this court believes the defendant committed an extremely serious offense. In addition, the defendant had been convicted of seven prior felonies.

Unfortunately, the defendant is beyond the rehabilitative stage in view of his prior history of criminal convictions. Confinement in a prison did not deter the defendant from

2

continuing to engage in criminal activity.

This court is of the opinion the defendant qualifies for consecutive sentencing because he has an extensive record of criminal activity. Tenn. Code Ann. § 40-35-115(b)(2). Furthermore, the facts in this case meet the criteria set forth in State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995).


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE